Adam VICTOR, individually and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

R.C. BIGELOW, INC., Defendant-Appellee.

Alex Khasin, individually and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

R.C. Bigelow, Inc., Defendant-Appellee.

No. 16-16639, No. 16-16641

United States Court of Appeals, Ninth Circuit.

Argued and Submitted November 15, 2017 San Francisco, California

Filed December 20, 2017

J. Price Coleman, Coleman Law Firm, Oxford, MS, Ben (Pierce) F. Gore, Pratt & Associates, San Jose, CA, for Plaintiff-Appellant

Timothy K. Branson, Joan B. Flaherty, Matthew G. Kleiner, Esquire, Attorney, Gordon & Rees LLP, San Diego, CA, for Defendant-Appellee

Before: BERZON and FRIEDLAND, Circuit Judges, and SESSIONS,* District Judge.

---

\* The Honorable William K. Sessions III, United States District Judge for the District of Ver-

## MEMORANDUM **

Adam Victor and Alex Khasin appeal the district court orders granting summary judgment to Bigelow on their injunctive relief claims.[1] The district court concluded in these related cases that Victor and Khasin lacked Article III standing to seek an injunction forcing Bigelow to conform its labels to Food and Drug Administration requirements.

"Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or immediate threat ... that he will again be wronged in a similar way.'" *Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)) (internal quotation marks omitted). The relevant testimony in the two cases is nearly identical,[2] and shows that Plaintiffs do not face such a threat of future harm. Victor and Khasin testified that, having discovered what they believed to be mislabeling on tea packages, they will consider buying Bigelow tea again only if they receive an injunction first. They will not consider purchasing even those teas with updated packaging that they acknowledge is accurate and resolves their concerns. Because they will not consider buying even properly labeled tea until they receive an injunction, Victor and Khasin will not be harmed by wondering if the tea is still mislabeled or by buying the tea without knowing if it is still mislabeled. Victor and Khasin do not face a real or immediate risk of being harmed again in the same manner and so lack Article III standing to seek injunctive relief.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The litigation originally involved claims for restitution as well. The district court granted Defendant summary judgment on those claims, and Plaintiffs only appeal the summary judgment on their injunctive relief claims.

2. The similarity may not be a coincidence. Counsel for Victor and Khasin repeatedly made the troubling suggestion at oral argument that their testimony about their desire to buy Bigelow products may have been driven not by their true intentions but rather by what he believed would be the answer most likely to cause a court to hold that they had standing. We caution that coaching witnesses to offer false testimony would be a serious violation of professional standards and could amount to criminal conduct. *See* Cal. Penal Code § 127; Cal. R. Prof'l Conduct 5-200(B).